UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-23931-CIV-WILLIAMS/SIMONTON

ALEXIS STEVENS,

    Plaintiff,

v.

CITY OF MIAMI,

    Defendant.
_____/

**ORDER GRANTING, BY DEFAULT, DEFENDANT CITY OF MIAMI'S MOTION FOR COURT ORDER PERMITTING THE RELEASE OF CERTAIN PUBLIC RECORDS PURSUANT TO THE TERMS OF THE PARTIES' SETTLEMENT AGREEMENT**

Presently pending before this Court is Defendant City of Miami's Motion for Court Order Permitting the Release of Certain Public Records Pursuant to the Terms of the Parties' Settlement Agreement and Miscellaneous Relief, ECF No. [100]. The Honorable Kathleen M. Williams, United States District Judge, has referred this Motion to the undersigned Magistrate Judge, ECF No. [101]. For the reasons stated below, the Motion is GRANTED, by default.

I. **BACKGROUND**

This matter was initiated when Plaintiff Alexis Stevens ("Stevens") filed a four-count Complaint against her former employer, the City of Miami, ("City") alleging Race Discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., (Count I), Race Discrimination in violation of the Florida Civil Rights Act, Fla. Stat. §§ 760.10, et seq., (Count II), Retaliation under Title VII, (Count III), and Retaliation in violation of the Florida Civil Rights Act, ECF No. [1]. Following a settlement conference before the undersigned, on April 28, 2017, the Parties filed a Joint Motion for a Court

**Order Dismissing This Action with Prejudice and Retaining Jurisdiction to Enforce the Parties' Settlement Agreement, ECF No. [97]. In that Motion, the Parties stated, among other things, that as part of the settlement agreement, the Parties agreed to enter into a Consent Order sealing Stevens' employment file, including all disparaging or derogatory references contained therein and the Plaintiff's separation from the City of Miami's employment in 2015, ECF No. [97]. The Parties additionally agreed that the City of Miami would not reveal certain facts and circumstances regarding Stevens' employment with the City and separation therefrom to third parties absent a Court Order, ECF No. [97]. The Parties filed the Settlement Agreement and General Release under seal, and the Court issued an Order Dismissing the Case, wherein the Court retained jurisdiction to enforce the Parties' Settlement Agreement, ECF Nos. [98] [99].**

The record does not reflect that a Consent Order was ever entered, but the Settlement Agreement remains under seal. Attached to the Settlement Agreement is a list that describes the documents that were to be sealed pursuant to the Consent Order.

The City has now filed the instant Motion stating that it has received a Public Records request pursuant to Chapter 119 from the City of Miami seeking the release of any financial settlements held by either Risk Management or the City Attorney's Office, including copies of every document related to the matter, ECF No. [100] at 2. According to the City, the settlement agreement requires the City to notify the Plaintiff of the request and to file the Motion at bar with the Court seeking a judicial determination on the request. In addition, the City states that the Plaintiff has not objected to the release of the settlement agreement, a copy of the Plaintiff's EEODP and EEOC complaint. However, the Plaintiff objects to the release of any other documents. The City states that most, if not all, of the documents at issue have already been filed with the Court through various pleadings and attachments to depositions, ECF No. [100] at 2, n. 4. The City

2

therefore requests an Order from the Court permitting it to release the unobjected to documents to the Miami Herald. In addition, the City requests, as to the objected to documents, that the Court issue a determination as to whether the Court can issue an order sealing a Florida Public Records from disclosure. The City contends that there is no authority for this Court to preclude the City from complying with the Public Records Act based on a civil settlement agreement. The Motion further states that Counsel for the City has conferred with opposing counsel about the relief requested in the Motion and opposing counsel agrees in part and objects in part as set forth in the Motion. Aside from the conferral with Counsel for the City as reflected in the Motion, the Plaintiff has not filed a Response to the Motion and the time for doing so has expired.

   II.   **LEGAL FRAMEWORK**

The Florida Constitution provides to every person "the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state," except with respect to certain exempted records. Art. I, § 24(a), Fla. Const. This right is codified in chapter 119, Florida Statutes, the "Public Records Act." The Public Records Act describes Florida's policy that all state, county, and municipal records are open for personal inspection and copying by any person. § 119.01(1), Fla. Stat. (2018). Accordingly, "[p]roviding access to public records is a duty of each agency." *Id.* Every person with custody of a public record must allow the record "to be inspected and copied by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public records." § 119.07(1)(a), Fla. Stat. (2018). "A custodian of public records and his or her designee must acknowledge requests to inspect or copy records promptly and respond to such requests in good faith." § 119.07(1)(c), Fla. Stat. (2018).

III. **ANALYSIS**

For the following reasons, the undersigned grants the Defendant City of Miami's Motion for Court Order Permitting the Release of Certain Public Records, by default. First, although the City has stated in its Motion that Plaintiff's Counsel agrees, in part, and objects, in part, to the release of the Plaintiff's records as requested in the Motion, the Plaintiff has not filed a written response to that Motion. Local Rule of Civil Procedure 7.1 (c) provides that the failure to file a memorandum of law in opposition to a motion may be deemed sufficient cause to grant that motion by default.

In addition, the City contends that unless there is a specific exemption to the Florida Public Records Act, Fla. Stat. § 119.07, the City is legally required to comply with a request submitted pursuant to that Act and produce the records to the requesting entity. The City further states that all of the documents at issue in the Request are public records. The Plaintiff has not contested the City's assertion on these points, and has failed to point to a specific exemption that would remove the public records at issue from being disclosed by the City pursuant to the Florida Public Records Act, and has not asserted any other privilege that would prevent the documents from otherwise being disclosed. In addition, given that, according to the City, the bulk of the documents at issue have already been filed into the Court record in this action, those documents are presumably already available to the public as part of the Court's docket. Finally, to the extent that the Parties contemplated having the Court enter a Consent Order that sealed all disparaging or derogatory references contained in the Plaintiff's employment record, there is no indication in the record that such an Order was issued by the Court, nor included or submitted by the Parties in a proposed order.

IV. **CONCLUSION**

Based upon the foregoing analysis, it is hereby

**ORDERED and ADJUDGED** that Defendant City of Miami's Motion for Court Order Permitting the Release of Certain Public Records Pursuant to the Terms of the Parties' Settlement Agreement and Miscellaneous Relief is **GRANTED, by default,** ECF No. [100]. The City of Miami may respond to the Miami Herald's request consistent with this Order, and such disclosure shall not be a violation of the Settlement Agreement.

**DONE AND ORDERED** in chambers in Miami, Florida, on September 27, 2018.

_____
**ANDREA M. SIMONTON**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**

**The Honorable Kathleen M. Williams,**
    **United States District Judge**
**All counsel of record**